

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUN 25  AM 11: 04

LORETTA G. WHYTE
      CLERK
```

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL L. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1397** |
| **WARDEN PEACHY, DEPUTY WARDEN LONGINO, DEPUTY STEPHANIE** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court held a hearing pursuant to *Spears v. McCotter*[1] and its progeny, on June 18, 2004, with the plaintiff, Virgil L. Smith, pro se, and counsel for defendants participating by telephone conference call.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985).

[2] The purpose of the *Spears* hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 481 (5th Cir. 1991). A cassette tape recording of the hearing is in the custody of the Court Recording Unit. The plaintiff was sworn prior to testifying.

JUN 2 5 2004

DATE OF ENTRY: JUN 2 5 2004

DATE OF MAILING _____

Fee _____
Process _____
X Dkid _____
X CtRmDep _____
___ Doc. No. _____

I.   **Factual Summary**

A.   **The Complaint**

The plaintiff, Virgil L. Smith ("Smith"), is incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[3] The plaintiff filed this *pro se* and *in forma pauperis* complaint against Warden Peachy, Deputy Warden Longino, and Deputy Stephanie. He alleges that on January 16, 2004, he was placed in isolation with all privileges taken from him. He claims that he is not allowed outdoor work or recreation, television, telephone access, visitors, commissary, and mail. He also alleges that his legal mail is being read. As a result, he seeks monetary damages, placement in a regular cell, and his privileges restored.

B.   **The *Spears* Hearing**

Smith testified that the officials at the St. Tammany Parish Jail continually place him in an isolation cell without any privileges. He stated that Warden Peachy is the person ordering his detention in isolation and he set the policy to revoke privileges. He also has not been given all of his property which was seized when he went into isolation.

He further testified that he has not committed nor been charged with any disciplinary infractions and he has not received any hearings on the issue of his isolation. Smith testified that on two occasions, he was transferred to an isolation cell days before a *Spears* Hearing with a federal magistrate judge.

Smith also acknowledged that the claims urged in this complaint are the same as those raised in another case entitled *Virgil L. Smith v. Warden Peachy*, C.A. 04-0982"J"(4), which he filed in this Court. Smith further acknowledged that the claims in both complaints were discussed during a

---

[3]Rec. Doc. No. 1.

*Spears* Hearing before Magistrate Judge Sally Shushan and amended into his complaint in *Virgil L. Smith v. Warden Peachy*, C.A. 03-0612"I"(1) presently pending before her.

## II. Voluntary Dismissal

Smith acknowledged at the hearing that he was allowed, through his prior *Spears* Hearing testimony, to amend the claims in this proceeding into the proceedings in C.A. 03-0612"I"(1) and he is proceeding with them in that case. He also acknowledged that the claims in this complaint are repetitive of the claims in C.A. 04-0982"J"(4).[4] Because his claims are preserved therein, this case need not proceed.

Pursuant to Fed. R. Civ. P. 41(a)(1), if the defendants have not served an answer or other responsive pleading, the plaintiff may voluntarily dismiss the claims the action without order of the Court. None of the defendants in this case have answered or filed responsive pleadings. Nevertheless, counsel for the defendants participated in the *Spears* Hearing and advised the Court that he favors dismissal of this action and transfer of the other action to Section "I"(1).

Therefore, the plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) to allow him to proceed with the same claims against the same defendants in C.A. 03-0612"I"(1) and C.A. 04-0982"J"(4).

## III. Recommendation

It is therefore **RECOMMENDED** that the plaintiff Virgil L. Smith's § 1983 complaint against the defendants, Warden Peachy, Deputy Warden Longino, and Deputy Stephanie, be **DISMISSED WITHOUT PREJUDICE.**

---

[4] At the time of this writing, the District Court is in the process of transferring C.A. 04-0982"J"(4) to Section "I"(1) for possible consolidation with C.A. 03-0612"I"(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _23_ day of _June_, 2004.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE